UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

V. CALVIN HOWELL,

    Plaintiff,

v.                                                                                            No. 15-01027-JDB-egb

JIMMY FARRIS, Individually and in his
Official Capacity as Building and Code
Enforcement Officer, SHELIA
DELLINGER, in her Official Capacity
as City Administrator, and THE CITY OF
BOLIVAR, a Municipal Corporation of the State
of Tennessee, in its own Capacity, and
by and through BARRETT STEVENS in
his Official Capacity as Mayor of Bolivar,
and the following members of the City Council
in their Official Capacity: TRACY
BYRUM, JAMES FUTRELL, TERESA
GOLDEN, RANDY HILL, TODD LOWE,
LARRY ALLEN MCKINNIE, WILLIE
MCKINNIE, and DAVID RHEA,

    Defendants.

_____

ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS
_____

       Plaintiff, V. Calvin Howell, brought this lawsuit for damages against Defendants, the City of Bolivar, Tennessee; Jimmy Farris, individually and in his official capacity as Building and Code Enforcement Officer; Shelia Dellinger, in her official capacity as City Administrator; Barrett Stevens, in his official capacity as Mayor of Bolivar; and the following members of the City Council in their official capacities: Tracy Byrum; James Futrell; Teresa Golden; Randy Hill; Todd Lowe; Larry Allen McKinnie; Willie McKinnie; and David Rhea, arising from injuries

1

sustained from the denial of requested building permits, alleged retaliation, and the refusal of the City Council to hear his appeals. (Amended Compl., Docket Entry ("D.E.") 8). Howell brings claims pursuant to 42 U.S.C. § 1983, alleging that the City's policies, customs, and procedures caused violations of his First Amendment[1] rights. He also alleges violations under the Fourteenth Amendment's substantive and procedural due process clause and its equal protection clause. He also asserts violations of the Tennessee Open Meetings Act, Tenn. Code Ann. § 8-4-101. Before the Court is a motion to dismiss by the City of Bolivar and the individual Defendants in their official capacities pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is GRANTED, and the case is DISMISSED in its entirety.[2]

I.      Factual Background

Plaintiff alleges the following facts. During the relevant times, Farris was the Building and Code Enforcement Officer, Dellinger was the City Administrator, Stevens was Mayor of Bolivar, and the following individuals were members of the City Council: Bryum, Futrell, Golden, Hill, Lowe, L. McKinnie, W. McKinnie, and Rhea. (D.E. 8 at ¶ 2.) On or about June 6, 2011, Howell requested building permits from Farris for the improvement and renovations of three different properties he owned; all three requests were denied. (*Id.* at ¶¶ 14-16.) Defendant was authorized by Bolivar to issue "building permits for the erection, construction, enlargement, altering, repairing or improving of a building or structure located within the Bolivar corporate limits." (*Id.* at ¶ 6.) Plaintiff was the only individual who had ever been denied a building

---

[1]Plaintiff's First Amendment claim includes alleged retaliatory inducement to prosecute by Defendants, which culminated in a grand jury indictment. (D.E. 8 at ¶¶ 45-53.)
[2]Although Farris, in his individual capacity, was not a party to the motion to dismiss, the federal claims against him are also dismissed as explained *infra*.

permit by Defendant.[3] (*Id.* at ¶ 21.) Farris denied Howell's requests on the grounds that Plaintiff needed to either be a licensed contractor or employ a licensed contractor to oversee the construction. (*Id.* at ¶ 24.) Despite the fact that Howell had hired licensed contractors, Farris maintained his position. (*Id.* at ¶ 25.) Howell appealed the refusals to the Mayor, who agreed that he should be granted the permits, but Farris still denied the permits. (*Id.* at ¶ 28.)

After refusing the permits, Farris contacted numerous state agencies, including the District Attorney's Office. (*Id.* at ¶ 26.) In May of 2012, Howell was summoned before a Hardeman County grand jury, which ultimately charged him with three counts of knowingly engaging in contracting on the three property sites without a license in violation of Tennessee Code Annotated section 62-6-101. (*Id.* at 31.) On November 14, 2012, Tennessee Circuit Court Judge J. Weber McCraw issued an order finding that Howell was not a general contractor as defined by Tennessee Code Annotated section 62-6-101 and, therefore, not required to obtain a contractor's license or hire a licensed contractor for the three sites at issue. (*Id.* at 33.) On November 30, 2012, the Circuit Court dismissed the pending indictment against Howell. (*Id.* at 34.) Despite the court's findings in its order, Farris still refused to issue the permits. (*Id.*)

On January 8, 2013, Plaintiff appeared before the City Council in an attempt to appeal his permit denials. (*Id.* at ¶ 35.) Despite the matter being placed on the Council's agenda, it refused to consider the matter officially and did not allow Howell to present his appeal. (*Id.*) After Howell left the meeting, the Council then discussed the matter in his absence. (*Id.*) On February 12, 2013, Howell returned before the Council to seek another appeal. (*Id.* at ¶ 36.) Once again, the Council refused to hear it. (*Id.*) The Council also engaged in a vote prior to its meeting

---

[3]While other individuals' requests were initially denied, Farris would eventually grant them permits. (D.E. at ¶ 21.) Howell's permit denials were the only ones Farris refused to reverse. (*Id.* at ¶ 21.)

3

commencing.[4] (*Id.* at ¶ 38.) Howell's previously dismissed indictment was later reinstated, but he was found not guilty.[5] (*Id.* at ¶ 40.) Plaintiff filed this lawsuit on February 10, 2015. (D.E. 1.)

II.   Standard of Review

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) instructs that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) requires that the Court "must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party." *Coley v. Pennakem, LLC*, No., 09-2780-STA, 2010 WL 2197821, at *1 (W.D. Tenn. May 28, 2010). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wright v. Memphis Police Ass'n, Inc.*, No. 14-2913-STA-dkv, 2015 WL 3407358 (W.D. Tenn. May 26, 2015) (quoting *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003)).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court delineated a two-prong test for analyzing 12(b)(6) motions. First, the reviewing court should consider what

---

[4] Plaintiff does not specify what issues were voted on or when the vote(s) allegedly took place.

[5] It appears that the indictment was not "reinstated" as Plaintiff alleges, but rather the Tennessee Court of Criminal Appears reversed the trial court's dismissal of the indictment and remanded the case for further proceedings. *State v. Howell*, No. W2012-02585-CCA-R3-CD, 2014 WL 586003 (Tenn. Crim. App. Feb. 13, 2014).

4

allegations are merely "legal conclusions" and disregard them when ruling on the motion. *Id.* at 678. Second, the court should evaluate the remaining well-pleaded facts and determine whether they give rise to a "plausible claim for relief." *Id.* at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

III. LEGAL ANALYSIS

A. Federal Claims Brought Pursuant to § 1983

The "statute of limitations for § 1983 actions is the same as the limitations period for personal injury claims under state law." *JiQiang Xu v. Michigan State University*, 195 F. App'x 452, 455 (6th Cir. 2006). Thus, the one-year limitation period, based upon Tennessee law, Tenn. Code Ann. § 28-3-104(a)(3), is applicable. *See Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). While the time period is borrowed from state law, "[f]ederal law is used to determine when the statute of limitations begins to run, that is, when the cause of action accrues." *JiQiang Xu*, 195 F. App'x at 455-56 (internal citations omitted). It is the Court's responsibility to "determine whether the alleged precipitating event or events occurred more than a year before [the plaintiff] filed the complaint . . . ." *Standridge v. Tennessee Dep't of Children's Servs.*, No. 3:08-CV-133, 2009 WL 348782, at *7 (E.D. Tenn. Feb. 10, 2009). The statute of limitations begins to run "'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *JiQiang Xu*, 195 F. App'x at 456

5

(quoting *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)). Courts in this circuit have "looked to 'what event should have alerted the typical lay person to protect his or her rights.'" *Id.* (citing *Conlin v. Blanchard*, 890 F.2d 811, 815 (6th Cir. 1989)). The Sixth Circuit has explained that the "key date for the accrual of the limitations period is the *injury*, not the completion of any grievance process." *Id*. (emphasis added).

Defendants contend that the federal claims are barred by the one-year statute of limitations. The Court agrees. Howell argues that *Sanders v. Williams Equipment & Supply Co.*, No. 09-02281-A/P, 2010 WL 5575483 (W.D. Tenn. Dec. 29, 2010), stands for the proposition that a statute of limitations issue cannot be decided in most cases on a motion to dismiss. (D.E. 37 at 3). However, as the court in *Sanders* explained, "[t]he Sixth Circuit has held . . . that a plaintiff may have an obligation to plead facts in avoidance of the statute of limitations defense if it is apparent from the face of the complaint that the time limit for bringing the claim[s] has passed." *Sanders*, 2010 WL 5575483, at *4; *see also* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1308 (3d. ed. 2010). In *Sanders*, the court granted the defendant's motion to dismiss based on the statute of limitations because the plaintiff filed his discrimination charge more than two years after his termination. *Id.* The court found that "the documents clearly demonstrate that Sanders filed his discrimination charge long after the statute of limitations had run." *Id.* As demonstrated in *Sanders*, Defendants are entitled to raise a statute of limitations defense if it is clear from the complaint that the time period for bringing suit has lapsed.

Plaintiff next asserts that the statute of limitations has not expired because he did not "discover the basis of this action as the Defendants' unlawful actions were withheld from" him

until depositions were taken in pending state-court litigation.[6] (D.E. 37 at 4.) The claims in Howell's lawsuit are the denial of permits, the alleged retaliation, and the City Council's refusal to hear his appeals. Although Plaintiff may have learned additional, helpful facts for his lawsuit during the depositions, the alleged injuries, which constitute the precipitating events in this action, had already occurred. *See Eidson*, 510 F.3d at 635 (explaining the removal of the child from the plaintiff was the precipitating event for the suit). Despite what he learned at the depositions, Howell should have been alerted to the need to protect his rights after each of the alleged constitutional violations. The last event occurred on February 12, 2013, when the City Council refused to hear his appeal for the second time. It was at this point that Howell should have known of the underpinnings for his lawsuit, if not sooner. *See id.*; *JiQiang Xu*, 195 F. App'x at 456. The accrual of the limitations period thus began in February 2013, almost two years before Plaintiff filed his suit on February 10, 2015. Accordingly, it is clear from the face of the complaint that Howell did not initiate his claim within the applicable time period, and thus his federal claims are time barred.[7] Defendants' motion to dismiss is GRANTED.

B. Tennessee Open Meetings Act Claim

Plaintiff also alleged violations of the Tennessee Open Meetings Act, Tenn. Code Ann. § 8-44-101. As this is a state law allegation between parties from the same state, this Court would only have jurisdiction over that matter pursuant to supplemental jurisdiction arising from Howell's federal constitutional claims. *See* 28 U.S.C. § 1367. Those claims have been dismissed. As such, this Court does not have a jurisdictional basis to hear the remaining state law claims. Therefore, this claim is also DISMISSED.

---

[6]These depositions occurred within the year prior to the filing of this suit. (D.E. 37 at 4.)
[7]Although Farris did not bring a motion to dismiss in his individual capacity, the federal claims against him are also time barred.

IV.     CONCLUSION

For the reasons discussed herein, Defendants' motion to dismiss is GRANTED. The Clerk is DIRECTED to prepare a Judgment incorporating this decision.

IT IS SO ORDERED this 15th day of October 2015.

s/ J. DANIEL BREEN<br>CHIEF UNITED STATES DISTRICT JUDGE